RECEIVED
JUN - 9 2015
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| GARY WAYNE ANDERSON (#335142) | DOCKET NO. 15-CV-1217; SEC. P |
| VERSUS | JUDGE DRELL |
| GENE ALLEN, ET AL. | MAGISTRATE JUDGE KIRK |

## REPORT AND RECOMMENDATION

Pro se Plaintiff Gary Wayne Anderson, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983. Plaintiff is an inmate in the custody of the Louisiana Department of Corrections, incarcerated at the Concordia Parish Correctional Facility in Ferriday, Louisiana. He names as defendants Mayor Gene Allen, Police Chief Derrick Freeman, and Police Captain Clarence Hall. He complains that he was wrongfully arrested and his parole improperly revoked. He asks that criminal charges be implemented against the defendants and that he receive monetary compensation.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### *Law and Analysis*

Plaintiff is a prisoner who has been permitted to proceed *in forma pauperis*. As a prisoner seeking redress from an officer or employee of a governmental entity, Plaintiff's complaint is subject to preliminary screening pursuant to 28 U.S.C. §1915A. See Martin v. Scott, 156 F.3d 578, 579-80 (5th Cir. 1998)(per curiam).

Because he is proceeding in forma pauperis, his complaint is also subject to screening under §1915(e)(2). Both §1915(e)(2)(B) and §1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

Plaintiff previously filed another suit in this Court challenging the same arrest and probation revocation that he contests in the complaint now before the Court. See 1:15-cv-407 (W.D.La.). "Repetitious litigation of virtually identical causes of action is subject to dismissal ... as malicious." See Bailey v. Johnson, 846 F.2d 1019, 1021 (5th Cir. 1988)(per curiam). A complaint is thus malicious when it "duplicates allegations of another pending federal lawsuit by the same plaintiff" or when it raises claims arising out of a common nucleus of operative facts that could have been brought in the prior litigation. See Segue v. Carollo, 2015 WL 2089759 (E.D. La. 4/30/15), citing McGill v. Juanita Kraft Postal Serv., No. 3:03-CV-1113-K, 2003 WL 21355439, at * 1-2 (N.D. Tex. June 6, 2003) (Ramirez, M.J.) (quoting Wilson v. Lynaugh, 878 F.2d 846, 850 (5th Cir.1989); Ellis v. American Express Life Ins. Co., 211 F.3d 935, 938 n.1 (5th Cir. 2000)), report & recommendation adopted, 2003 WL 21467745 (N.D. Tex. June 18, 2003) (Kinkeade, J.); accord Parker v. Fort Worth Police Dep't,

980 F.2d 1023, 1026 (5th Cir. 1993)).

Additionally, an *in forma pauperis* prisoner's civil rights suit is malicious as a matter of law and is subject to dismissal where the suit raises claims that are duplicative of a prior suit filed by the same prisoner in federal court. See Pittman v. Moore, 980 F.2d 994, 994-95 (5th Cir. 1993); 28 U.S.C. §1915(e)(2). Because this lawsuit by Plaintiff is duplicative, allowing it to proceed would be "redundant and an impermissible waste of judicial resources." See Moore v. U.S. Marshals Service, 2010 WL 1978938, citing Mayfield v. Collins, 918 F.2d 560, 561-62 (5th Cir. 1990). Such is the case here.

As the undersigned stated in a Report and Recommendation in Plaintiff's prior suit, Plaintiff has no constitutional right to have someone criminally prosecuted. Oliver v. Collins, 914 F.2d 56, 60 (5th Cir. 1990). Also, Plaintiff's claim for monetary damages for his incarceration pursuant to the revocation of his parole should be dismissed because success on the merits would necessarily imply the invalidity of his confinement. See Heck v. Humphrey, 512 U.S. 477 (1994). Plaintiff's false arrest claim is currently pending against Defendant Clarence Hall in that prior suit.

*Conclusion*

For the forgoing reasons, **IT IS RECOMMENDED** that this prisoner action be **DISMISSED** with prejudice as frivolous and malicious

pursuant to 28 U.S.C. §1915(e)(2)(b) and §1915A.

*Objections*

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this _9th_ day of June, 2015.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE